FILED'06 MAR 14 12:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID PAULSON,                                    Civ. No. 04-1743-HO

                                                                   ORDER
          Plaintiff,

  v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

## Introduction

Plaintiff seeks review of the final decision of the Commissioner, on remand from this court, denying his application for disability insurance benefits. Plaintiff identifies several errors allegedly committed by the administrative law judge (ALJ). As discussed below, the court finds that the ALJ failed to credit the opinion of treating physiatrist Dr. Jacobs, and failed to state adequate reasons to reject the opinion. Crediting Dr. Jacobs's opinion would not result in an automatic finding of disability. The decision of the Commissioner is therefore

reversed, and this matter is remanded to the ALJ for further proceedings.

## Discussion

Plaintiff contends that his mental and physical impairments in combination are medically equivalent to Listing 1.04B of 20 C.F.R. Pt. 404, Subpt. P, App. 1, and that the ALJ erred by finding otherwise and failing to explain the rationale for his finding. Listing 1.04B provides,

> Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours . . .

The ALJ's determination of plaintiff's residual functional capacity indicates that plaintiff meets the positional or postural component of the listing. (Tr. 412). Whether the ALJ erred by determining that plaintiff's impairments in combination do not equal the symptom component of this listing depends upon whether the ALJ properly considered the medical findings regarding all of plaintiff's impairments. This determination must await resolution of plaintiff's remaining arguments.

Plaintiff contends that the ALJ erred by relying on the 1996 opinion of Dr. Carvalho that plaintiff can perform light work with restrictions. Plaintiff argues that Dr. Carvalho failed to consider the combined effect of plaintiff's physical and mental impairments, including the psychological factors which exacerbate

2 - ORDER

plaintiff's pain, and the degree of limitation which results from plaintiff's pain, and that Dr. Carvalho failed to review certain test results and produced an error-ridden report.[1] Dr. Carvalho examined plaintiff, reviewed medical records and rendered an opinion regarding plaintiff's functional limitations at the time of the exam. (Tr. 271-75). The errors alleged by plaintiff do not render the report so unreliable that it may not constitute competent evidence.[2]

Plaintiff faults the ALJ for improperly rejecting his testimony. The ALJ accepted that plaintiff experiences some degree of chronic back pain due to degenerative disc disease, but rejected plaintiff's testimony of disabling pain and more than slight functional limitations due to depression. (Tr. 409). The ALJ provided specific, clear and convincing reasons for finding plaintiff not fully credible.

The ALJ permissibly found that plaintiff's doctors repeatedly commented that plaintiff's complaints exceeded objective findings, a finding supported by substantial evidence. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); (Tr. 410).

---

[1] Plaintiff contends that Dr. Cavalho did not consider the report of Dr. Jacobs, who reviewed the test results identified by plaintiff. Interestingly, both doctors noted complaints out of proportion with objective findings. (Tr. 274, 315).

[2] Plaintiff submitted evidence that Dr. Cavalho misstated his height, misstated that he worked in construction site cleanup, and misstated that he was taking a pre-algebra class. (Tr. 390).

3 - ORDER

In a November 1993 letter, Dr. Wylie noted difficulty in separating plaintiff's complaints of acute and chronic pain, intact lower extremity reflexes, slightly depressed left Achilles reflex, intact to light touch sensation and manual muscle testing and evidence of nerve root irritation with straight leg raising on the left. (Tr. 189). Reviewing the results of an MRI, Dr. Wylie found post-operative changes, no disc protrusion, a small amount of scar tissue adjacent of the left S1 nerve root, mild bony narrowing of the left L5-S1 nerve root canal, posterior osteophytes and degenerative disc disease at L4-5 and L5-S1, and no acute change. Id. An electro-diagnostic evaluation revealed no acute findings. Id. Dr. Weinstein reviewed the MRI results in October 1993. (Tr. 345). He characterized plaintiff's complaints as subjective only and noted only mild changes since plaintiff's 1983 surgery. (Tr. 346). As noted, Dr. Carvalho and Dr. Jacobs determined that plaintiff's subjective complaints were out of proportion with objective findings. (Tr. 274, 315).

The ALJ properly found plaintiff's reported activities of attending classes, performing household chores, caring for children, attending church and socializing with friends inconsistent with his 1998 testimony regarding his October 1996 questionnaire responses that he can sit and stand for only one half hour in an eight hour day. (Tr. 51, 101-10, 408). Plaintiff's activities are relevant to the credibility

4 - ORDER

determination. Burch, 400 F.3d at 481.

The ALJ noted that plaintiff sought vocational rehabilitation through the Department of Veterans' Affairs, in contrast to the Department's "unemployability" rating for him. (Tr. 162-63, 410). The ALJ also noted that medical records do not support plaintiff's 1998 hearing testimony that doctors told him that the nerves, muscles and tendons in his low back are damaged, and that he is missing two discs. (Tr. 50, 52-53, 410). Plaintiff testified that doctors can detect such damage only by physical exam. (Tr. 52-53). This does not mean that the ALJ was wrong to expect evidence of such injuries in chart notes or other medical records.

Plaintiff argues that his testimony is consistent with the opinions of Dr. Anderson and Dr. Gritzka. As explained below, the ALJ properly rejected these opinions. The ALJ stated sufficient reasons to find plaintiff not fully credible.

Plaintiff next contends that the ALJ failed to consider that there is a psychological basis for the degree of plaintiff's pain, and failed to develop evidence of this basis for pain. At the same time, plaintiff contends that his medical records well document his poor tolerance and depression, which are "well known to cause an increased perception of pain." As noted above and discussed further below, the ALJ addressed the evidence of mental impairment. Plaintiff essentially argues that the ALJ had to

5 - ORDER

accept his testimony regarding the degree of pain he experiences. As noted above, the ALJ did not have to do so.

Plaintiff argues that reversal is required because the ALJ failed to address the September 1994 physical capability evaluation by K.D. Christensen, D.C. <u>See</u> (Tr. 191-93). Dr. Christensen reported plaintiff's subjective complaints of moderate to severe pain and severe disability. (Tr. 191). He opined that while plaintiff cannot lift weights, plaintiff can occasionally carry 5 lbs up to 50 feet, sit 5 minutes at a time and 2 hours intermittently throughout an 8-hour day, stand 10 minutes at a time and 3 hours intermittently throughout an 8-hour day, sit/stand/walk/lay alternately for 4 hours at a time in an 8-hour day, and that plaintiff can perform light work full-time with a sit-stand-walk-lay option. (Tr. 192-93). The ALJ may consider Dr. Christensen's report (20 C.F.R. § 404.1514(d)(1)), but his failure to address the report does not require reversal. <u>See</u> <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The report appears substantially based on plaintiff's subjective complaints, and the ALJ properly found plaintiff not fully credible. Furthermore, the report is contradicted by medical sources and is internally inconsistent. The lifting and carrying restrictions are inconsistent with the ability to perform light or sedentary work, yet Dr. Christensen concluded that plaintiff can perform such work with the ability to change position. Dr.

6 - ORDER

Christensen simultaneously concluded that plaintiff can work full-time with a sit-stand-walk-lay option, and that plaintiff can alternately sit, stand walk and lay down for only four hours at a time during an 8-hour day.

Plaintiff argues that the ALJ failed to consider the 1995 opinion of Counseling Psychologist Brian Green, Ph. D., that plaintiff is not "reasonably feasible to participate in a vocational rehabilitation training program." See (Tr. 375). The ALJ considered the Department's disability and unemployability ratings, and the fact that plaintiff continued to seek vocational rehabilitation services until finally denied by the Department in 1998. (Tr. 410). In light of these considerations, the ALJ did not have to separately discuss Dr. Green's 1995 opinion that plaintiff is not feasible for vocational rehabilitation. The court does not understand plaintiff to argue that the ALJ erred by failing to accord "great weight" to the Department's disability determination.[3] See McCartney v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

Plaintiff next contends that the ALJ committed reversible error by failing to state reasons to reject Dr. Kruger's opinion that plaintiff is limited to brief, basic, repetitive tasks. Dr.

---

[3] If this is the argument, the court holds, for the reasons provided in the ALJ's decision (Tr. 409-10) and herein, that the ALJ stated adequate reasons supported by substantial evidence to depart from the conclusions of the Department's hearings officers.

7 - ORDER

Kruger opined that plaintiff's "overall attention ability and capability of sustaining his attention were seen as good, such that he would be able to persist for an appropriate period of time on brief, basic, repetitive tasks." (Tr. 28). The ALJ did not include this limitation in his assessment of plaintiff's residual functional capacity (RFC). In arguing that the error was harmless, the Commissioner seems to concede that the ALJ committed an error. Def's Brief at 10-11.

It does not appear to the court, however, that the ALJ rejected Dr. Kruger's opinion. The ALJ noted Dr. Kruger's assessment of plaintiff's "good" overall attention and capability of sustaining attention, and did not mention an assessment that plaintiff is limited to brief, basic, repetitive tasks. (Tr. 408, n. 5). Dr. Kruger did not use language plainly indicating that he assessed plaintiff's maximum ability to sustain attention. The body of his report suggests that Dr. Kruger simply reported his findings of plaintiff's ability to perform tests administered.

> Mr. Paulson's overall attention ability and capability
> of sustaining his attention for an appropriate period
> of time on brief, basic, repetitive tasks were seen as
> good. He was able to repeat the alphabet correctly
> within the normal time limit. His performance on digit
> span was such that he was able to repeat seven numbers
> forward and five numbers backward. He was able to
> repeat the days fo the week, and the months of the
> year, both forward and backward, correctly.

(Tr. 279). Dr. Kruger appears to have rendered no opinion on

8 - ORDER

plaintiff's ability to sustain attention on more complex tasks. Dr. Kruger's report notes plaintiff's activities, including taking classes, studying and reading. (Tr. 277). Dr. Kruger observed plaintiff's overall mood as "neutral," but otherwise reported that plaintiff is functioning in the average range, "intellectually speaking." (Tr. 280).

    To the extent the ALJ erred by failing to reject Dr. Kruger's assessment that plaintiff's ability to sustain attention is good, such that he can persist for an appropriate period on brief, basic, repetitive tasks, the error was harmless. The vocational expert testified that a person limited to routine, repetitive tasks and occasional public contact could not perform the position of rental clerk, and then clarified that required public contact was the reason for this opinion. (Tr. 468, 470). The limitations pressed by plaintiff therefore do not undermine the ALJ's finding that plaintiff can perform the work of a rental clerk.

    Plaintiff next contends that the ALJ erred in rejecting the opinion of his treating physician, Dr. Anderson. Plaintiff further argues that the ALJ was required to re-contact Dr. Anderson before rejecting his testimony. Dr. Anderson opined that plaintiff has not been able to perform light range work since 1993, is not malingering, is moderately or markedly impaired, can walk for five minutes and for 100 yards, and is

9 - ORDER

moderately limited in his abilities to maintain a schedule and attention and concentration and to complete normal workdays and workweeks. (Tr. 398-401). This opinion is contradicted by agency physicians. The ALJ wrote,

> This opinion was rendered in response to a solicitation from counsel which diminishes its probative value somewhat. The opinion was given almost two years after Mr. Paulson's insured status had expired and so, is only slightly relevant. Finally noted is the opinion was provided on "checkoff form" prepared by the claimant's attorney and does not provide explanations of the checked boxes. Dr. Paulson [sic] provided no narrative comments and did not attempt to reconcile comments of other treating doctors or evaluating doctors regarding excessive subjective complaints. Nor did not [sic] he explain conflicts between his comments regarding cognitive functioning during objective evaluation, lack of evidence of significant depression since 1996, the claimant's successful completion of college classes, and the claimant's lack of need of any ongoing psychological treatment. Lack of explanation or support of these type of "checkoff form" comments is the reason the form reports have been disfavored in the Ninth Circuit. (*See Crane v. Shalala*, 76 F.3d 251 [9th Cir. 1996]. [sic].

(Tr. 411). Plaintiff is generally correct that the fact that a medical report is obtained to prove disability is by itself insufficient to reject the report. Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998). The ALJ could nevertheless find the report suspect because it was obtained after an adverse decision by the Commissioner. Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989). Nor was the ALJ required to ignore the fact that the opinion is largely unsupported by chart notes, objective findings and narrative explanation. Batson v. Commissioner, 359 F.3d

10 - ORDER

1190, 1194-95 (9th Cir. 2004). The ALJ was not required to re-contact Dr. Anderson. Dr. Anderson's description of the medical history demonstrates (consistent with the record and findings of the ALJ) that while there is objective medical evidence of impairments, Dr. Anderson's assessment of plaintiff's functional limitations is based in large part on plaintiff's subjective complaints. (Tr. 401). As noted, the ALJ properly found plaintiff not entirely credible, and could therefore properly reject Dr. Anderson's report to the extent it depends upon plaintiff's rejected complaints. Dr. Anderson further notes that he does "not have means to quantitate many of [the] questions asked" by plaintiff's attorney. Id. The court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence to reject Dr. Anderson's report. Dr. Anderson's report demonstrates there was nothing to gain by re-contacting him.

Plaintiff contends that the ALJ erred in rejecting the May 2004 opinion of non-examining physician Dr. Gritzka that "on a more probable than not basis, [plaintiff] has been unable to perform sedentary work on a full-time basis since early 1996." (Tr. 673). Dr. Gritzka further opined that plaintiff's stated need to recline and demonstrated give-away weakness are consistent with objective medical evidence. (Tr. 672-73). The ALJ wrote,

11 - ORDER

> Dr. Gritzka's opinion was obtained by Mr. Paulson's representative purely for the purpose of these proceedings, without an examination of the claimant. It is accorded little weight. Dr. Gritzka provided his interpretation of the old EMG test performed in 1994, describing the findings as "conclusive" and supportive of the [sic] Mr. Paulson's statements. Contrary to Dr. Gritzka's hired opinion, treatment sources concluded that EMG test revealed a probable cause for some pain, but no evidence of nerve abnormality causing reflex or motor abnormality. Dr. Gritzka did not comment regarding repeated examination findings showing normal reflexes, strength, and motor functioning of the claimant's legs. It is also noteworthy that Dr. Gritzka did not comment on a repeated EMG testing in 2003 which treating VA doctors concluded showed no abnormality. (12F/26). It is apparent Dr. Gritzka was hired as an expert advocate of Mr. Paulson's claim and provided what he was paid for. His brief conclusory opinion, offered years after the material period, conflicts with opinion of treatment sources and is of little probative value.

(Tr. 411). As discussed above, the ALJ did not have to ignore the fact that plaintiff obtained this opinion after two ALJ decisions adverse to plaintiff. The ALJ appropriately considered the extent to which Dr. Gritzka's opinion is supported by and consistent with the record as a whole. 20 C.F.R. § 404.1527(d)(3),(4) & (f). The ALJ noted three points in the medical evidence where doctors found plaintiff's subjective complaints in excess of objecting findings. (Tr. 410). Exhibit 8F/27 is inexplicably omitted from the administrative record. However, the court confirms that examining physician Dr. Cavalho (Tr. 274) concluded that plaintiff's symptoms far outweighed objective findings, and that treating physician Dr. Weinstein found plaintiff's complaints to be "subjective only" (Tr. 346).

12 - ORDER

The primary reason for the difference in opinion between Dr. Gritzka and the ALJ as to whether plaintiff is disabled is that the ALJ found plaintiff not fully credible. As noted above, Dr. Jacobs reached a similar conclusion. The court finds that the ALJ permissibly rejected Dr. Gritzka's contradicted opinion that plaintiff probably cannot work.

Finally, the ALJ stated no reason to reject the opinion of treating physiatrist Dr. Jacobs,[4] and failed to include in his assessment of plaintiff's RFC functional limitations contained in Dr. Jacobs's opinion, including that plaintiff has a lifting restriction of 15 lbs, cannot lift repetitively, and should be limited to walking 10 or 15 minutes at a time. (Tr. 376). The ALJ also failed to include the lifting restriction in a hypothetical question promulgated to the vocational expert (VE). Other medical evidence of record supports the lesser restrictions included in the ALJ's assessment of plaintiff's RFC. Dr. Jacobs's opinion is therefore contradicted, and the ALJ could not reject it without stating specific and legitimate reasons supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

After evaluating plaintiff's arguments, the court finds nothing to call into question the ALJ's determination that

---

[4] The ALJ apparently perceived that he credited Dr. Jacobs's opinion. (Tr. 412).

13 - ORDER

plaintiff's condition is not equivalent to Listing 1.04B.

Crediting Dr. Jacobs's opinion would not automatically result in an award of benefits, and other evidence supports the ALJ's RFC determination. Although it is not pleased to do so, the court will therefore remand plaintiff's 1996 application to the ALJ a second time, for further proceedings and a new decision. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). On remand, the ALJ is free to state adequate reasons to reject Dr. Jacobs's opinion, or to credit the opinion and include the limitations found by Dr. Jacobs in plaintiff's RFC, and in a hypothetical question to the vocational expert. The ALJ is free to reconsider any other determinations.

## Conclusion

The decision of the Commissioner is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this 13th day of March, 2006.

*Michael E. Hogan*
United States District Judge

14 - ORDER